Chief Judge Desmond
(concurring). I concur for modification.
Since this is a noncapital criminal case we are deprived of jurisdiction to pass on the disputed fact question (that is, as to whether force coerced the confessions) by section 3 of article VI of our State Constitution: ‘ ‘ The jurisdiction of the court of appeals shall be limited to the review of questions of law except where the judgment is of death”. Nothing in the Escobedo-Miranda-Johnson line of Supreme Court holdings , nor in any of our own confession cases has changed or could change the constitutional distribution of powers among the appellate courts of this State. People v. Barbato (254 N. Y. 170) and People v. Valletutti (297 N. Y. 226) illustrate this since each was an appeal direct to this court from a sentence of death and in each this court, as was its constitutional right and duty, passed on factual disputes — that is, we weighed the evidence (see 254 N. Y., p. 177, and 297 N. Y., p. 231) as to the truth of the defendant’s disputed testimony as to beatings, etc. In the case we now have before us there was again present the same kind of issue of fact but here, under our constitutional limitations, jurisdiction to dispose of that issue ended at the Appellate Division.